

# FILED

APR 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR CASILLAS, on behalf of himself and all others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CYPRESS INSURANCE COMPANY, a California Corporation; et al., <br><br> Defendants-Appellees. | No. 17-56065 <br><br> D.C. No. 2:15-cv-04763-AG-JEM <br><br><br> MEMORANDUM[*] |
| ADELA GONZALEZ, on behalf of herself and all others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CYPRESS INSURANCE COMPANY, a California Corporation; et al., <br><br> Defendants-Appellees. | No. 17-56071 <br><br> D.C. No. 2:16-cv-02690-AG-JEM |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 7, 2019
Pasadena, California

Before: THOMAS, Chief Judge[**], and GILMAN[***] and NGUYEN, Circuit Judges.

In these appeals, Plaintiffs Hector Casillas and Adela Gonzales ("Plaintiffs") contest the district court's dismissal of their complaints alleging, in relevant part, that Defendants violated the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, when they gained unauthorized access to Plaintiffs' personal information from the website operated by Defendant HQ Sign-Up Services ("HQSU"). The district court determined that Plaintiffs failed to state a claim and dismissed the complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the parties are familiar with the history of this case, we need not recount it here. We review the district court's dismissal *de novo*, *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016), and we affirm.

The SCA defines an electronic communication service ("ECS") as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). When Congress enacted the

---

[**] Following argument, Chief Judge Thomas was drawn to replace Judge Raymond Fisher.

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

SCA, it stated that one of the Act's primary purposes was to protect email communication, noting that a primary example of an ECS was an email service in which "messages are typed into a computer terminal, and then transmitted . . . to a recipient computer operated by [email]." S. Rep. 99-541, at 8, 14 (1986).

In the ensuing years, we have held that websites and services that permit users to communicate directly with one another are considered ECS providers. For instance, an email provider is "undisputedly" an ECS provider. *Quon v. Arch Wireless Operating Co.*, 529 F.3d 892, 902 (9th Cir. 2008), *rev'd on other grounds sub nom. City of Ontario v. Quon*, 560 U.S. 746 (2010); *see also Theofel v. Farey-Jones*, 359 F.3d 1066, 1075 (9th Cir. 2004) (holding that an email service provider constituted an ECS provider).

Plaintiffs allege that "HQSU's website, database and servers were used by Plaintiff[s] and [their] counsel to send electronic communications among themselves by uploading and downloading documents, as well as by appending notes to those documents." However, taking this allegation as true, it is evident that HQSU does not permit users to communicate directly with each other. The documents and accompanying comments do not travel directly from the sender to the recipient; instead, the recipient of any message would have to *retrieve* it by downloading it from HQSU's server. Because Plaintiffs do not allege that any

direct communication takes place, the district court correctly determined that Plaintiffs fail to plead that HQSU constitutes an ECS provider.

Plaintiffs argue that the district court drew a false dichotomy between a Remote Computing Service ("RCS") and an ECS when it determined that HQSU can be characterized only as an RCS.[1]  This argument lacks merit.  An RCS is an off-site provider that processes and stores data, such as "physicians and hospitals maintain[ing] medical files in offsite data banks."  *Id.* at 902 (citing S. Rep. No. 99-541, at 3).  In other words, an RCS is a "virtual filing cabinet."  *Quon*, 529 F.3d at 902.

Plaintiffs correctly point out that, in some cases, a single entity may be both an ECS and an RCS.  *See Theofel*, 359 F.3d at 1076–77 (noting this possibility).  But such a duality will exist only when the service provider fulfills both of the provided definitions; separate analyses are required.  *See id.* (suggesting that, while some RCSs are also ECSs, the two categories were not subject to the same analysis).  Here, even if HQSU's website, database, and servers constitute an RCS,

---

[1]The SCA establishes different standards of protection for messages in an RCS and an ECS.  Most relevantly, § 2701(a)(1) of the SCA, which outlines liability for unauthorized access to stored communications and forms the basis for Plaintiffs complaints, applies only to an ECS.

the inability to communicate directly with users leaves HQSU outside of the SCA's definition of an ECS.

Finally, Plaintiffs' arguments that HQSU's website functions as an electronic bulletin board are not persuasive. Although an electronic bulletin board is an example of an ECS, *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 875 (9th Cir. 2002), the definition of an electronic bulletin board is more specific than Plaintiffs suggest. The plain meaning of a bulletin board requires that a posting be readily viewable by an intended audience. Plaintiffs do not allege that their comments or the documents stored by HQSU were immediately viewable by anyone with access to the file. Thus, HQSU is not an electronic bulletin board.

In sum, the district court properly concluded that Plaintiffs failed to state a claim that HQSU's website, database, or server functioned as an ECS provider pursuant to the SCA. Given our conclusion, we need not—and do not—decide any other issue presented by the parties on appeal.

**AFFIRMED**.